IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ALLEGRA NETWORK, LLC

        Plaintiff,

v.

RICHARD IIAMES,
LISA IIAMES, and
ECHO ARTZ LLC,

        Defendants.

Case No.: 2:12-CV-11152

Honorable George Caram Steeh

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (#14)

This matter coming before the Court on the motion for default judgment by plaintiff Allegra Network, LLC ("Allegra") against defendants Echo Artz LLC ("Echo Artz"), Richard Iiames and Lisa Iiames ("the Iiames defendants"), due notice having been given, the Court having considered Plaintiff's Motion for Default Judgment and Meredith Flynn's Declaration in Support of same, and the Court having held a hearing on June 20, 2012, enters the following order:

    1.    The Iiames defendants entered into a written franchise agreement with Allegra on May 30, 2006 ("Franchise Agreement").

    2.    In consideration of Allegra's consent to assignment of the Franchise Agreement to At Your Service, LLC, a Florida limited liability company, the Iiames defendants personally guaranteed the performance and payment of all obligations under the Franchise Agreement by executing two written Guaranty and Assumption of Obligations on March 10, 2007.

3.     On August 19, 2008, the Iiames defendants entered into a promissory note with Allegra, whose principal amount was $9,349.74.

4.     On or before October 19, 2011, the Iiames defendants abandoned their franchised location.

5.     On October 19, 2011, Allegra notified the Iiames defendants that their abandonment was a unilateral termination of the Franchise Agreement that triggered their post-termination obligations under the Franchise Agreement.

6.     Allegra alleges the Iiames defendants have failed to comply with certain post-termination obligations under the Franchise Agreement, including the covenant against unfair competition and the restriction on disclosure and use of trade secrets and confidential information.

7.     Defendant Echo Artz hired defendant Richard Iiames as a project manager and account representative at his competing business selling signs, graphics, trade show displays and related products and services.

8.     On October 21, 2011, Allegra notified Charles Yex of Echo Artz that Echo Artz's employment of Richard Iiames constituted interference with Allegra's Franchise Agreement.

9.     After Allegra's notification, Echo Artz continued to employ Richard Iiames.

10.    As a direct and proximate result of the defendants' actions, Allegra has suffered and unless defendants' misconduct is enjoined, will continue to suffer, irreparable harm.

11.    Allegra has no adequate remedy at law to fully and adequately compensate it for defendants' misconduct.

12.    Issuance of injunctive relief to end defendants' misconduct and to enforce defendants' post-termination obligations in the franchise agreement will advance and not harm the public interest.

13.     Entry of default judgment is proper because defendants have failed to appear and defend.

## JUDGMENT

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of Allegra and against defendants Echo Artz, LLC, Richard Iiames and Lisa Iiames on all counts in the complaint for injunctive relief and damages and the Court further orders:

A.      Defendants Richard Iiames and Lisa Iiames and their agents, servants, and employees, and those people in active concert or participation with them are directed to fully perform their post-termination obligations, including, without limitation, their obligations under the post-termination covenant against unfair competition and their obligations to cease using and to immediately return any of Allegra's confidential information.

B.      Defendant Echo Artz and its agents, servants, employees, and those people in active concert or participation with them are directed to cease and desist from any and all interference with the rights of Allegra, on the one hand, and the obligations of the Iiames defendants, on the other.

C.      Defendants are ordered to file with the Court and to serve upon Allegra's counsel within ten (10) days after service of this injunction order, a written report under oath setting forth in detail the manner in which they have complied with such injunction or order;

D.      Defendants Richard Iiames and Lisa Iiames are ordered to pay damages to Allegra as a result of their breaches of the Franchise Agreement, the promissory note, and the two Guaranty and Assumption of Obligations in the amount of $190,000.

     E.     Defendants Richard Iiames and Lisa Iiames are ordered to pay costs and expenses, including reasonable attorneys' fees and costs, incurred by Allegra in connection with this action in the amount of $10,000.

     F.     Plaintiff is ordered to personally serve Richard Iiames and Lisa Iiames with a copy of this order and to serve Charles Yex, owner of Echo Artz LLC, with a copy of this order by personal service or certified mail, return receipt requested, and to file proof of service with the Court.

IT IS SO ORDERED.

Dated: June 26, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 26, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk