IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**ALLEGRA NETWORK, LLC,**

      **Plaintiff,**

v.

**RICHARD IIAMES,**
**LISA IIAMES, and**
**ECHO ARTZ LLC,**

      **Defendants.**

Case No.:  2:12-CV-11152-GCS-LJM

## ORDER OF CONTEMPT

This Court reopened this case for defendants to appear and show cause why they should not be held in contempt for not complying with its order entered on June 26, 2012.  On November 5, 2012, the Court conducted a hearing at which defendants Echo Artz LLC ("Echo Artz"), Richard Iiames and Lisa Iiames (collectively, "the Iiames defendants") failed to appear.  The Court holds defendants in contempt and orders as follows:

### FINDINGS OF FACT

1.    This case arises out of the termination of a May 30, 2006 franchise agreement ("Franchise Agreement") between Allegra and the Iiames defendants.

2.    Following the Iiames defendants' abandonment of their franchised location, Allegra terminated the Franchise Agreement on October 19, 2011.

3.    Thereafter, Echo Artz hired Richard Iiames as a project manager and account representative at its competing business which sells signs, graphics, trade show displays and related products and services.

4. On October 21, 2011, Allegra notified Charles Yex, registered agent of Echo Artz, that Echo Artz's employment of Richard Iiames constituted interference with Allegra's rights under the Franchise Agreement.

5. Echo Artz continued to employ Richard Iiames after Allegra's notification.

6. The Iiames defendants have not paid any of the amounts due to Allegra and continue to violate the Franchise Agreement's non-compete provision.

7. None of the defendants answered, filed an appearance, or otherwise pled in response to Allegra's Complaint for Injunctive Relief and Damages.

8. Allegra filed its motion for default judgment on May 24, 2012. [Dkt. 14.]

9. The Court entered judgment against defendants on June 26, 2012 and ordered Allegra to serve defendants with the order (the "Order"). [Dkt. 16.]

10. Allegra personally served the Iiames defendants and also served Echo Artz with the Order by certified mail as instructed by the Court. [Dkt. 17, 18-1.]

11. Allegra fully complied with the Court's Order.

12. The Order required the defendants to file a written compliance report by July 6, 2012.

13. The defendants did not file the Court-ordered compliance report.

14. As a result, on July 24, 2012, Allegra filed a Motion to Reopen Case and For An Order to Show Cause.

15. On September 7, 2012, the Court reopened this case and ordered defendants to appear on November 5 and show cause for why they should not be held in contempt for their violations of the Order.

16. Defendants did not appear, nor did they file a timely compliance report.

17. On November 5, 2012, after the hearing, the Court received a letter from the Iiames defendants. The Iiames defendants assert that Echo Artz does not have a clientele comparable to Allegra, that they are unable to pay the judgment, and that they destroyed Allegra's confidential information. The letter does not meet the requirements for a compliance report – most significantly it is not notarized or sworn to and fails to sufficiently address the Court's order of compliance in connection with the non-compete agreement.

**ORDER**

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Allegra Network LLC v. Bagnall*, No. 11-11131, 2012 U.S. Dist. LEXIS 48918, at *7 (E.D. Mich. Apr. 6, 2012). Imposing sanctions is necessary to coerce a defendant to comply with court orders and to compensate the plaintiff for sustained losses. *Lucky's Detroit, LLC v. Double L Inc.*, No. 09-14622, 2012 U.S. Dist. LEXIS 111180, at *13 (E.D. Mich. Aug. 8, 2012). Defendants have failed to file the required written compliance reports. They have therefore failed to demonstrate that they are complying with the Order, including by not violating their post-termination obligations. In its September 7 Order, the Court advised defendants that they could be subject to contempt sanctions up to and including incarceration for their failure to comply with the June 26 Order. Defendants still failed to appear at the hearing or file a timely compliance report. In the letter to the Court received after the hearing on November 5, the Iiames defendants effectively admitted their non-compliance with their post-termination obligations. [Dkt. 22.]

THEREFORE, defendants Echo Artz LLC, Richard Iiames and Lisa Iiames are in CONTEMPT.

As a result, the Iiames defendants are ORDERED to take any and all actions necessary to immediately comply with the Order and their post-termination obligations under the Franchise

Agreement, including the covenant against unfair competition, and Echo Artz LLC is ORDERED to immediately cease interfering with Allegra's contractual rights under the Franchise Agreement.

IT IS FURTHER ORDERED that each defendant shall pay to Allegra a civil penalty of $100.00 per day beginning December 23, 2012, and continuing until each defendant has complied with this order or for twenty-eight days, whichever is first. If any defendant has not complied with the Order after twenty-eight days, the civil penalty against that defendant shall increase to $500.00 per day and continue for an additional twenty-eight days. If any defendant has still not complied with this Order at the end of that period, this Court shall order further penalties, including additional fines or incarceration.

IT IS FURTHER ORDERED that Plaintiff is to file a status report on the last day of each twenty-eight-day period indicating whether defendants have complied with this order.

IT IS FURTHER ORDERED that on or before December 21, 2012, defendants file a **SWORN AFFIDAVIT**, with a copy to the plaintiff, showing what, if any, steps they have taken to comply with this Court's orders.

IT IS FURTHER ORDERED that plaintiff is awarded its reasonable attorney's fees incurred between June 26, 2012 and November 5, 2012, in prosecuting its Motion to Reopen Case and For An Order to Show Cause and to appear at the show cause hearing, in the amount of $4,702.25.

SO ORDERED.

Dated:  December 6, 2012

                                                            s/George Caram Steeh
                                                            GEORGE CARAM STEEH
                                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on
Richard & Lisa Iiames, 745 Modena Street, St. Cloud, FL 34769 and
Echo Artz, LLC, Registered Agent: Charles J. Yex,
1501 Regal Oak Drive, Kissimmee, FL 34744, on
December 6, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk